```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
JEROME T. DORFMAN,

                Plaintiff,

        -against-                            MEMORANDUM AND ORDER
                                             09-CV-4355 (JS)(WDW)
ROBERT A. BRUNO, CHARLES READY,
CHRISTIAN VETTER and
CHRISTOPHER SCHMER

                Defendants.
-------------------------------------X
```
APPEARANCES:
For Plaintiff:      Jerome T. Dorfman, Esq.*
                    19 Tiffany Road
                    P.O. Box 328
                    Oyster Bay, New York 11771

                    *representing himself

For Defendants:     Ralph Pernick, Esq.
                    Office of the New York State Attorney
                    General
                    200 Old Country Road, Suite 240
                    Mineola, New York 11501

SEYBERT, District Judge:

        This litigation arises out of a disturbance that allegedly took place in Nassau County District Court. Plaintiff Jerome T. Dorfman, who is an attorney and appears here on his own behalf, is suing Defendants Judge Robert A. Bruno, Charles Ready, Christian Vetter and Christopher Schemmer. Plaintiff asserts a civil rights claim and several state law claims.

        Pending before the Court is Defendants' unopposed motion to dismiss Plaintiff's Second Amended Complaint.

Defendants, in this motion and in other documents filed with the Court, refer to an Amended Complaint and a Second Amended Complaint. Apparently, Plaintiff served these documents on Defendants but never filed them with the Court. Accordingly, Plaintiff's original Complaint is the operative Complaint in this litigation. Defendants' unopposed motion, which the Court construes as a motion to dismiss Plaintiff's initial Complaint, is GRANTED and Plaintiff's Complaint is DISMISSED.

BACKGROUND

The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

On the morning of October 8, 2008, Plaintiff appeared before Judge Bruno in Nassau County District Court to represent a client who had received a summons for a building code violation. (Compl. ¶ 8.) Plaintiff attempted to present his case to Judge Bruno, but he was interrupted twice by Defendant Ready, the court clerk assigned to Judge Bruno's courtroom that day. (Id. ¶ 10.) In response, Plaintiff explained to Ready that he was addressing Judge Bruno, not him. (Id.) At that point, Ready "angrily came directly in front of the podium, blocking [Plaintiff] from speaking, harangued [Plaintiff] verbally in front of a courtroom full of litigants and

attorneys, and then ordered him to leave the courtroom." (Id.) Plaintiff repeatedly asked Judge Bruno whether he was directing Plaintiff to leave the courtroom, but Judge Bruno gave no answer. (Id. ¶ 11.) Ready and Defendant Vetter, a court officer, then pushed Plaintiff out of the courtroom. (Id. ¶ 12.)

Ready and Vetter followed Plaintiff into the corridor, and Ready approached Plaintiff, put his face an inch from Plaintiff's, and shouted at him "loudly and angrily." (Id. ¶ 14.) Then, as he was walking back toward the courtroom door, Ready turned to Plaintiff and shouted "fuck you." (Id. ¶ 15.) At this point, Plaintiff was approached by Defendant Schemmer, another court officer. Schemmer had not seen what had transpired inside the courtroom, but nevertheless pushed Plaintiff against the wall, ordered him to leave the courthouse, and threatened to handcuff him if he did not leave voluntarily. (Id. ¶ 16.)

Ultimately, a higher ranking court officer countermanded Schemmer's order and Plaintiff was permitted to return to the courtroom and present his case to Judge Bruno. (Id. ¶ 17.) According to Plaintiff, Judge Bruno took no action to stop the other Defendants from mistreating him, (id. ¶ 13), and, when Plaintiff's case was re-called, Judge Bruno accused

3

Plaintiff of causing the initial disturbance. (Id.)

Plaintiff filed his Complaint on October 9, 2009. He asserts a claim that Ready, Vetter and Schemmer violated his civil rights by depriving him of his right to appear in court to represent his client. He claims that Judge Bruno, by not objecting to the other Defendants' conduct, aided and abetted their violations. Plaintiff also asserts three causes of action under state law: (1) assault; (2) battery; and (3) intentional infliction of emotional distress.

## DISCUSSION

For the reasons that follow, Plaintiff's Complaint is DISMISSED in its entirety. As an initial matter, the Court notes that, Plaintiff is an attorney admitted to practice before this Court (Compl., Civil Cover Sheet at 2), so the Court is not bound to give his pleading the same liberal reading it would give a non-attorney's pleading. Maloney v. Cuomo, 470 F. Supp. 2d 205, 209 (E.D.N.Y. 2007), aff'd 554 F.3d 56 (2d Cir. 2009), vacated on other grounds, 561 U.S. __, 130 S. Ct. 3541, 2010 WL 2571878 (June 29, 2010).

I. Legal Standard On A Motion To Dismiss

To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). The complaint does not need "detailed factual allegations[,]" but it demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In addition, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." Id. Determining whether a plaintiff has met his burden is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

II. Application

Plaintiff's Compliant is dismissed because Judge Bruno is entitled to absolute judicial immunity, the other Defendants are entitled to qualified immunity from Plaintiff's civil rights claim, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

A. Judge Bruno Is Entitled To Absolute Immunity

Judge Bruno is immune from civil actions for actions taken within the scope of his judicial duties. Mireles v. Waco,

5

502 U.S. 9, 9, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991). This case is similar to Mireles. In that case, the defendant, a judge who was angry at the absence of lawyers in his courtroom, allegedly ordered two police officers "to forcibly and with excessive force seize and bring plaintiff" into the judge's courtroom. Id. at 10, 112 S. Ct. at 287. The Supreme Court explained that judges are immune from civil suits for money damages, except when their actions are taken in a non-judicial capacity or when their actions are taken in the complete absence of jurisdiction. Id. at 11-12, 112 S. Ct. at 288. Neither exception applied, the Court explained, because the judge acted within the scope of his duties, and in aid of his jurisdiction, by ordering the plaintiff to appear before him for a pending case. Id. at 12-13, 112 S. Ct. at 288-89.

Like the judge in Mireles, Judge Bruno is immune from civil suits arising from actions he allegedly took in connection with regulating the conduct of his courtroom. See Levine v. Lawrence, No. 03-CV-1694, 2005 WL 1412143, at *6 ("A judge acts in his judicial capacity when he exercises control over his courtroom, and by extension, when he bars a litigant or attorney from the courtroom."); id. at *7 ("Just as judges act within their judicial roles when maintaining order and decorum in their courtrooms, they also act within their jurisdiction when doing

so."). Accordingly, Judge Bruno is entitled to absolute judicial immunity and all of the claims against him must be DISMISSED.

B. <u>The Other Defendants Are Entitled To Qualified Immunity</u>

The remaining Defendants are entitled to qualified immunity from Plaintiff's federal claim, in which Plaintiff alleges that he was deprived of his right to "to appear on behalf of his client."[1] (Compl. ¶ 20.) Courts apply a two-pronged inquiry to determine whether qualified immunity applies: <u>one</u>, whether Plaintiff has alleged a constitutional violation, and <u>two</u>, whether the constitutional right at issue was "clearly established" at the time of the alleged violation. <u>Pearson v. Callahan</u>, 555 U.S. __, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009). Courts may tackle these questions in any order, <u>id.</u> at 818, and they are encouraged to resolve immunity issues at the litigation's earliest possible stage. <u>Id.</u> at 815.

The Court finds that, even drawing every favorable inference from his allegations, Plaintiff has not alleged that Defendants violated his alleged constitutional right to appear

---

[1] In his amended complaints, Plaintiff asserts that this right flows from the First, Fourth, Fifth and Fourteenth Amendments. (<u>See</u> Opp. Br. at 4.) As discussed in the body of this Memorandum and Order, however, the Court simply will not consider pleadings that Plaintiff has not bothered to file with the Court.

7

in court on his client's behalf. Plaintiff alleges that he was briefly removed from the courtroom. But, although he was ordered to leave the courthouse, he was permitted to return when his client's case was recalled. Put simply, Plaintiff appeared on behalf of his client and therefore cannot plausibly allege that Defendants prevented him from doing so. (Compl. ¶¶ 18-19.) Further, Plaintiff does not claim that Defendants' actions caused him to be any less effective an advocate than he would otherwise have been. Accordingly, Plaintiff's federal claim against the other Defendants is DISMISSED.

C. The Court Declines To Exercise Supplemental Jurisdiction

Having dismissed Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action. 28 U.S.C. § 1367(c)(3).

CONCLUSION

For the foregoing reasons, Defendants' unopposed motion to dismiss the Complaint is GRANTED. The Complaint is DISMISSED, and the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 18, 2011
Central Islip, New York

8